UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| K & C PROPERTIES, INC., <br> RIVER CHASE APARTMENTS, INDIANA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:21-cv-00039-TWP-KMB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ENTRY ON THE PARTIES' MOTIONS IN LIMINE**

This matter is before the Court on an Omnibus Motion *in Limine* filed by Plaintiffs K & C Properties, Inc. and River Chase Apartments, Indiana, LLC ("Plaintiffs")[1] (Filing No. 86), Plaintiffs' Motion to Supplement Plaintiffs' Omnibus Motion *in Limine* (Filing No. 110), and Defendant State Auto Property & Casualty Insurance Company's ("State Auto") Motion *in Limine* (Filing No. 107). This case concerns insurance coverage for Plaintiffs' properties and the jury trial is scheduled to begin on Monday, April 10, 2023. The Plaintiffs filed this lawsuit alleging that State Auto breached the insurance policy by significantly undervaluing the damages caused by a storm and violated its duty to act in good faith in investigating and settling their insurance claim (Filing No. 1). The parties seek an order *in limine* precluding certain categories of evidence and referencing certain factual issues at trial (Filing No. 86; Filing No. 107; Filing No. 110). For the following reasons, the Court **grants** Plaintiffs' Omnibus Motion *in Limine*; **denies** Plaintiffs'

---

[1] The Plaintiffs are related entities that own separate apartment complexes, the Bridgepoint Apartments and the River Chase Apartments.

Motion to Supplement Plaintiffs' Omnibus Motion *in Limine*; and **grants in part and denies in part** State Auto's Motion *in Limine*.

## I.  LEGAL STANDARD

### A.  Motions in Limine

Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Judges have broad discretion when ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct.  A motion in *limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018). The party moving to exclude evidence *in limine* has the burden of establishing that the evidence is not admissible for any purpose. *Robenhorst v. Dematic Corp.*, 2008 WL 1821519, at *3 (N.D. Ill. April 22, 2008). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

A ruling on a motion *in limine* is not necessarily final. *Townsend*, 287 F.Supp.2d at 872. "The ruling is subject to change when the case unfolds," particularly if the actual testimony differs from what was proffered. *Luce*, 469 U.S. at 41.  "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id*. at 41–42.

B.  **Federal Rules of Evidence 401 , 402, and 403**

Pursuant to Federal Rule of Evidence ("Rule") 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401; *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012).  "Rule 402 provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'"  *Boros*, 668 F.3d at 907.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Civ. P. 403; *Boros*, 668 F.3d at 909.  The Rules "define relevance broadly."  *United States v. McKibbins*, 656 F.3d 707, 711 (7th Cir.2011).  A party faces a significant obstacle in arguing that evidence should be barred because it is not relevant, given that the United States Supreme Court has stated that there is a "low threshold" for establishing that evidence is relevant.  *Boros*, 668 F.3d at 908 (citing *Tennard v. Dretke*, 542 U.S. 274, 285 (2004)).

## II.  DISCUSSION

The Plaintiffs and State Auto petitioned the Court to exclude several categories of evidence from trial that they argue is inadmissible. The Court will first address the Plaintiff's motions (Filing No. 86) and (Filing No. 110), before turning to State Auto's motion (Filing No. 107.)

A.  **Plaintiffs' Omnibus Motion in *Limine* (Filing No. 86)**

    1.  **Failed to Satisfy Conditions Precedent to Obtaining Coverage**

The Plaintiffs move the Court for an order precluding State Auto from arguing that Plaintiffs had "no coverage under the policy for the roof damage (or otherwise) because Plaintiffs failed to satisfy some condition located therein." (Filing No. 86 at 1-3.) State Auto responds that

"State Auto does not contend that Plaintiffs failed to satisfy a condition precedent to obtaining coverage in this case." (Filing No. 109 at 1.) To that end, the Court **grants** Plaintiffs' Omnibus Motion *in Limine* number one.

### 2. Arguments that Coverage is Barred by a Policy Exclusion

The Plaintiffs move the Court for an order precluding State Auto from arguing that an exclusion within the relevant policy applies to deny coverage[2] (Filing No. 86 at 3). State Auto responds that "[f]or the same reasoning set forth in its response to Plaintiffs' Omnibus Motion *in Limine* Number One, State Auto is not contending, and has not contended throughout this litigation, that coverage in this matter is barred by a policy exclusion." (Filing No. 109 at 2.) To that end, the Court **grants** Plaintiffs' Omnibus Motion *in Limine* number two.

### 3. Compensating Plaintiffs' Counsel

The Plaintiffs move the Court for an order precluding State Auto from suggesting or alleging "that a motive, purpose, or result of this lawsuit is or will be to compensate Plaintiffs' counsel" because it is "not relevant, is false, is of potential prejudice to Plaintiffs, and should be excluded. *See* Fed. R. Civ. P. 401, 402, and 403." (Filing No. 86 at 5.) State Auto responds that it "has no objection to Plaintiffs' Omnibus Motion *in Limine* Number Three." (Filing No. 109 at 2.) To that end, the Court **grants** Plaintiffs' Omnibus Motion *in Limine* number three.

### 4. Witnesses Not Listed in State Auto's Rule 26 Disclosures

The Plaintiffs move the Court for an order precluding State Auto from "offering any expert opinion that was not disclosed in an expert report produced by it to Plaintiffs." Specifically, "Scott Warren should be precluded from offering any expert opinions, including, but not necessarily

---

[2] "Generally, a coverage exclusion is an affirmative defense, proof of which is the insurer's burden." *Id.*; *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 151 (7th Cir.1994) ("If an insurer relies on an exclusion within a policy to deny coverage, the insurer must establish that the exclusion applies.").

limited to, (1) what caused rust on the roofing nails; (2) whether the roof could be repaired or replaced; (3) the wind speeds associated with the subject storm; or (4) opinions related to interior damages" because "Scott Warren provided no expert report in this matter." (Filing No. 86 at 5-6.) While State Auto responds that "State Auto's experts will testify in accordance with their previously disclosed opinions," it failed to respond to Plaintiffs' request to preclude expert testimony from Scott Warren.[3] State Auto does not dispute that Scott Warren provided no expert report in this matter nor that he confirmed during his deposition that he could not offer an opinion on the issues in this motion, (Filing No. 109 at 2); accordingly Scott Warren will not be allowed to provide expert testimony.  The Court **grants** Plaintiffs' Omnibus Motion *in Limine* number four.

B.  **Plaintiffs' Motion to Supplement its Omnibus Motion in Limine (Filing No. 110)**

Plaintiffs move the Court to supplement its Omnibus Motion *in Limine* number 4 to include the preclusion of any evidence or expert testimony alleging that Plaintiffs' "'handyman' improperly or negligently repaired the roofs." (Filing No. 110 at 1-2.)  Plaintiffs contend that at a recent status conference in this action, and approximately two years after the initiation of this litigation, State Auto suggested—for the first time—that the damages to the roofs were caused by the negligent and/or improper repairs of Plaintiffs' "handyman." *Id*.  Plaintiffs argue that this "defense" is not contained in the answer, statement of defenses, or in State Auto's Rule 26(a)(2) reports and thus should be excluded at trial.  *Id*.

State Auto responds that this evidence is relevant and was timely disclosed. It contends that "[t]he possibility that interior leaks were caused by Plaintiffs' earlier repair efforts was" previously addressed in discovery and was also raised by "Travis Goetz, one of Plaintiffs'

---

[3] State Auto dedicates most of its response discussing this Court's order that precluded State Auto's experts—Ron Lucy and Ben Hall—from testifying "about the existence or value of interior property damages because the experts never disclosed an opinion about interior damages." (Filing. No. 98 at 1.) However, State Auto correctly notes that Lucy and Hall are permitted to testify as to the reason why the interior of the property was not inspected.  *Id*. at 20.

designated experts, during his deposition on April 19, 2022…." (Filing No. 118 at 1-2.) The Court concludes that such information may be relevant, and the jury should be allowed to examine such testimony or evidence and draw reasonable inferences in reaching a decision on Plaintiffs' asserted claims. At this pretrial stage, the Plaintiffs' have not shown this evidence or testimony clearly is not admissible for any purpose. To that end, the Court **denies** Plaintiffs' Motion to Supplement its Omnibus Motion *in Limine* number four, and the jury may hear evidence concerning prior repairs.

C.     **State Auto's Motion *in Limine* (Filing No. 107)**

     1.     **Testimony or Evidence on Policy Interpretation, or Legal Opinion Testimony**

State Auto moves the Court to preclude "any testimony or evidence regarding the meaning or interpretation of the pertinent insurance policy's terms" because there is no dispute regarding the policy's terms and "any evidence or testimony bearing on the interpretation of any of the insurance policy terms would comprise inadmissible legal opinions…." (Filing No. 107 at 1-2).

The Plaintiffs respond that they "would not object to the exclusion of evidence and testimony interpreting ambiguous policy provisions that are not at issue in this action." (Filling No. 111 at 1.) However, Plaintiffs assert they should be allowed to introduce "background information regarding the purchase of the policy and its applicable terms, each of which arguably "bear on the purpose [and] meaning of the policy." *Id*. at 2. The Court cannot conclude that testimony concerning background information regarding the purchase of the policy is clearly not admissible for any reason, so this evidence is allowed. But testimony or evidence regarding policy interpretation or legal conclusions is precluded. To that end, the Court **grants in part and denies in part** State Auto's Motion *in Limine* number one.

      **2.**      **Purpose of the Insurance Policy or Plaintiffs' Expectations of Coverage**

State Auto moves the Court to bar any testimony or argument relating to the purported 'purpose' of the insurance policy at issue or Plaintiffs' expectations of coverage. (Filing No. 107 at 3-4.) Specifically, State Auto argues that "any testimony, evidence, or argument relating to the purported 'purpose' for which Plaintiffs purchased the policy, or Plaintiffs' expectations of coverage for certain kinds of losses, is neither probative of nor material to any triable issue and therefore irrelevant." *Id*. at 4.

The Plaintiffs respond that they "purchased the policy, in relevant part, to cover storm damages and expected the full coverage provided by the terms of the policy." (Filing No. 111 at 3.) Plaintiffs argue they should be allowed to explain why they purchased the policy and heir expectation that State Auto would provide coverage available under the terms of the policy.

It is widely understood that when someone purchase insurance, there is an expectation to be made whole by the insurance company if any damage occurs. While there is an expectation, that expectation does not equate to an automatic right to be made whole and expectations may differ from what the terms of an insurance policy provides. Given the low threshold for relevance, the Court will allow Plaintiffs to offer such testimony or evidence. The Court agree with Plaintiffs that State Auto has not shown how this evidence would be unduly prejudicial or confusing to the jury. To that end, the Court **denies** State Auto's Motion *in Limine* number two.

      **3.**      **Any Mention of the Insurance Policy Premium**

State Auto moves the Court to bar any mention of "[t]he amount paid by Plaintiffs for the insurance policy premium at issue" asserting that information "is irrelevant and immaterial" and, as such, should be precluded because "any alleged probative value of that fact would be far outweighed by the confusion of issues, and unfair prejudice to State Auto." (Filing No. 107 at 4.)

The Plaintiffs respond that "the premium amount is relevant to the nature of that claim—it is the consideration paid in exchange for the coverage provided under the policy." (Filing No. 111 at 4.) Plaintiffs argue that premium amount is relevant to a defense raised by State Auto—that Plaintiffs waited almost 11 months after the loss to report it. Plaintiffs explain that they believed the repairs could be completed for an amount less that the policy's deductible and a formal claim was not filed at that time for fear that State Auto would increase the premium in response to a claim. *Id*. at 5. Plaintiffs contend the probative value of the premium amount is significant. Plaintiffs argue that the "jurors likely will be unfamiliar with insurance coverage for apartment complexes. The potential losses at an apartment complex are much higher than at residential homes. The premiums paid for apartment complex properties are commensurate with their greater risk." (Filing No. 111 at 4-5.)

The Court is not persuaded. This case is about a breach of contract and breach of good faith and not about whether Plaintiffs paid the correct premium amount to maintain coverage by the insurance policy or Plaintiffs' efforts to recoup overpaid insurance premiums. It is undisputed that Plaintiffs were covered by the insurance policy when the damage occurred. Plaintiff's argument that they delayed reporting the loss because they feared their insurance would increase due if they filed a claim can be made without discussing the insurance premium paid. The jury need not understand the intricacies of commercial real estate contracts to determine the claims before them and the Plaintiffs have not shown that the insurance premiums are relevant. The probative value of this evidence is minimal and would be outweighed by the confusion of issues, and unfairly prejudicial to State Auto. Therefore, the Court **grants** State Auto's Motion *in Limine* number three.

4.  **State Auto and EES Group Relationship**

State Auto used EES Group to inspect roofs on a portion of claims from 2011-2021. In those ten years, EES Group completed about 345 inspections for State Auto and was paid approximately $830,000.00 during that period (or approximately $2,405.00 per study). (Filing No. 107 at 4.) State Auto contends that Plaintiffs have implied—without an evidentiary basis—that when State Auto uses EES, the majority of times the opinion is that the insureds' roofs do not need to be replaced. State Auto argues the "Plaintiffs are speculating and attempting to infer some form of a conspiracy/undue influence between EES Group and State Auto." *Id*. At 5. Accordingly, State Auto asks the Court to bar

> Plaintiffs' attorneys, witnesses, agents, and anyone else from discussing, mentioning, alluding or referring to in any manner during trial or in the presence of the jury regarding the amount paid to EES Group over the past ten years, as well as the attempt to show any purported correlation between the amount paid to EES Group and the number of claims paid by State Auto as any alleged probative value of that fact would be far outweighed by the confusion of issues, and unfair prejudice to State Auto.

*Id*. at 6. State Auto argues that absent some showing that the other 344 projects that State Auto assigned to EES Group over the previous ten years were similar to the Plaintiffs' loss, that the roof inspector (not the company) was the same, that the State Auto adjuster was the same, or that the damage and/or facts of loss were the same, Plaintiffs' theory is nothing more than conjecture at best. Id. at 5.

The Plaintiffs object to this request and point out that State Auto's experts in this action—Lucy and Hall—are employees of EES Group, retained "to testify regarding the extent of wind and hail damage … as well as the reparability of that damage." (Filing No. 111 at 6.) Plaintiffs point out that a primary factual issue in this case is whether the subject roofs could be repaired or if the damage necessitated replacement, as a result, a battle of the experts is likely and

this evidence may be relevant at trial. Plaintiffs argue the scope of cross-examination of an expert witness is especially broad because of the expert's ability to have a compelling effect on a jury. They contend the highly probative value of the evidence is not substantially outweighed by the danger of undue prejudice.

The Court agrees with Plaintiffs that inquiring into the payment arrangement between ESS Group and State Auto is relevant and that the probative value outweighs any undue prejudice that State Auto could face.  However, Plaintiffs must first establish a foundation of factual similarities between the prior EES project and the project in this case. In particular, before offering this type of evidence, Plaintiff must first establish that the roof inspector (not the company) was the same, that the State Auto adjuster was the same, or that the damage and/or facts of loss were similar.  To that end, the Court **grants in part and denies in part** State Auto's Motion *in Limine* number four.

### 5.      Handling or Payment of Other Unrelated Roof Claims

State Auto moves the Court to exclude any mention of the "amount paid by State Auto for prior roof claims and/or State Auto's handling of prior roof claims unrelated to the Plaintiffs' property" because they are irrelevant, prejudicial and may confuse the jury under Rule 401, 402, and 403 (Filing No. 107 at 6).  The Plaintiffs contest this request in their response and argue that their expert "Bill Woolums should be permitted to opine regarding the evidence, as he based his opinion on this information." (Filing No. 111 at 10-11.) Specifically, "Mr. Woolums concluded that State Auto's improper conduct in this case is not an isolated incident.  Rather, it is a pattern of conduct that State Auto employs in handling storm claims in Indiana." *Id*. at 11.  Plaintiff's argue this evidence is relevant to their bad faith and punitive damages claim.

Neither party has presented any authority to the Court on the admissibility of prior unrelated claims to show a pattern of bad behavior. However, at this pretrial stage, State Auto has

10

not shown this evidence or testimony clearly is not admissible for any purpose. Accordingly, an evidentiary ruling is deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Therefore, the Court **denies** State Auto's Motion *in Limine* number 5.

### 6. Other Roofing Companies Inspected the Roofs

State Auto argues the Court should exclude any "testimony, reference, statement, or inference from any witness, expert, or attorney with regards to what other roofing contractors may have allegedly said," as hearsay and exclude "any other witness from testifying as to the repairability of the roof or the alleged cause of any alleged damage to the extent said individuals did not provide an expert report." (Filing No. 107 at 7-8.) Specifically, "Plaintiffs contacted Carlon Roofing, American Roofing, and Highland Roofing who all, according to Mr. Cissell, provided opinions on the condition and repairability of the roof." However, "only Travis Goetz, a 'Property Management Consultant' with American Roofing … and Jean-Paul Grivas as Patrick D. Murphy, AIA, GRP of Patrick D. Murphy & Associates have been disclosed as expert witnesses regarding the alleged roof condition." *Id*.

Plaintiffs contend this evidence is not hearsay and, even if it were hearsay evidence, a hearsay exception, namely Rule 803(1) or 803(2), applies to overcome the general rule against hearsay. *Id*. "Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." *United States v. Linwood*, 142 F.3d 418, 424–25 (7th Cir. 1998) (citing Fed. R. Evid. 801(c)). "Whether a statement is hearsay and, in turn, inadmissible, will most often hinge on the purpose for which it is offered." *Id*. Rule 803(1), the present sense impression exception, provides that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is

11

not excluded by the rule against hearsay. The theory underlying the present sense impression exception "is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." Fed. R. Evid. 803 advisory committee's note. Rule 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). Hearsay statements are admissible under the excited utterance exception if (1) a startling event occurred; (2) the declarant made the statement while under the stress of excitement caused by the startling event; and (3) the declarant's statement relates to the startling event. *United States v. Sowa*, 34 F.3d 447, 453 (7th Cir.1994) (citations omitted).

Here, Plaintiffs assert "[t]he statements will be offered to explain why the roofs were ultimately replaced and why Plaintiffs are seeking reimbursement for said replacement," and "[t]he statements will also be offered to explain the length of time between the storm and making a formal claim for the replacement of the roofs, a topic repeatedly emphasized by State Auto." (Filing No. 111 at 13.)

The Court is not persuaded. Statements from the other roofing companies are hearsay and neither of Plaintiffs asserted exceptions apply. Plaintiffs contend that the "roofing contractors provided their statements regarding the condition of the roofs immediately after they perceived the roofs." (Filing No. 111 at 13). However, Plaintiffs' explanation is deficient to meet the contemporaneous standard. Plaintiffs merely recite the legal requirements to satisfy Rule 803(1), but it is unclear how much time elapsed between the roofing companies' inspection of the roof and their alleged statements. Plaintiffs have not claimed that a startling event occurred that led to the statements being made to trigger the Rule 803(2) exception. Therefore, the Court **grants** State Auto's Motion *in Limine* number six.

### 7. Asking the Jury to 'Send a Message' or act as the 'Conscience of the Community'

State Auto moves the Court to preclude "any party's reference to or mention that the jury needs to 'send a message' or similar statements by and through their verdict, as such, is improper, inflammatory, and prejudicial to State Auto." (Filing No. 107 at 8.) The Plaintiffs contend that since "Plaintiffs have asserted a bad faith claim against State Auto," the send-a-message argument should not be precluded because punitive damages are recoverable (Filing No. 111 at 16-17).

The jury instruction for punitive damages explains that the purpose of such damages is to "serve as a ... warning to Defendant and others" and directs the jurors to consider "the likelihood that Defendant[s] would repeat the conduct if an award of punitive damages is not made." *See* Seventh Circuit Pattern Jury Instruction 7.28. Depending on whether the jury receives this instruction, Plaintiff may be allowed to argue that the jury should "send a message." *See Parker v. Ritz*, 2022 WL 769232 at *4 (S.D. Ill. March 14, 2022)

District courts within the Seventh Circuit have determined that "send a message" arguments are permissible when punitive damages are relevant to a party's claim. *See Richards v. PAR, Inc.,* No. 1:17-CV-00409-TWP-MPB, 2021 WL 4775350, at *4 (S.D. Ind. Oct. 13, 2021) (concluding that "[b]ecause a claim for punitive damages is not involved in this case, argument and references for a punitive award are both irrelevant and prejudicial."). *See Payton v Fike*, 2010 WL 4065601, at *4 (N.D. Ind. October 15, 2010. (discussing that "send a message arguments are permissible in the context of punitive damages, but they must be strictly limited to any punitive damages award."). *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011) ("Given that compensatory damages are limited to actual losses, this court agrees that [the plaintiff]'s argument that the jury should "send a message" is a punitive damages argument.").

Plaintiffs' Complaint alleges that "State Auto's above-referenced actions were performed with a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will, which supports an award of punitive damages."  (Filing No. 1-1 at 14.)  Although a send-a-message argument may be prejudicial; because there is a punitive damages claim this type of argument is probative. At this pretrial stage, the Court cannot conclude that a punitive damages argument to "send-a-message"  or act as a "conscious of the community" must be excluded. The Court will restrict Plaintiff from making such an arguments in opening statements, but if the evidence at trial supports a punitive damages claim and instruction, Plaintiff may make reference these statements in closing argument. To that end, the Court **denies** State Auto's Motion *in Limine* number seven.

8. **Testimony as to when State Auto Retained Counsel**

State Auto argues the Court should "bar any reference to, question, or mention regarding when State Auto may have retained undersigned counsel" because that information is irrelevant (Filing No. 107 at 9-10).  The Plaintiffs contend this information is relevant when assessing the credibility of the State Auto's witnesses and State Auto's bath faith handling of its claim.  (Filing No. 111 at 17.)  Specifically, Plaintiffs argue that State Auto's "[i]nitial inspections … suggested the roofs would be replaced and that interior damages would be addressed during a subsequent inspection [,]" but "after State Auto sent its file to counsel on June 1, 2020, a mere two weeks after opening the claim," State Auto allegedly changed its initial assessment and denied "the roofs necessitated replacement and asserts that the reason interior damages were never investigated is because Plaintiff failed to make a claim for such damages."  *Id*.  Here, considering the low threshold for establishing relevancy and that State Auto allegedly changed its initial assessment after retaining counsel, such evidence may be probative as it relates to the alleged bad faith handling of Plaintiffs' insurance claim.  The Court cannot conclude that testimony concerning

when Plaintiff's retained their counsel is clearly not admissible for any reason, To that end, the Court **denies** State Auto's Motion *in Limine* number 8. Plaintiffs, however, are limited to eliciting only "timeline" information on this subject.

### 9. Prior Settlement Discussions or Offers of Compromises

State Auto moves the Court to preclude any "[e]vidence referring to any settlement negotiations which went on prior to the filing of suit and/or the trial of this matter between the parties involved, or argument that the Plaintiffs wanted to settle but we are at trial due to the State Auto's refusal to settle or be reasonable in this case." (Filing No. 107 at 10.) The Plaintiffs "have no objection to the mutual exclusion of prior settlement discussions or offers of compromise but only as required by Federal Rule of Civil Procedure 408." (Filing No. 111 at 18.) Rule 408 prohibits evidence of settlement discussions except in limited circumstances "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408.

To that end, the Court **grants in part and denies in part** State Auto's Motion *in Limine* number nine. The motion is **granted** as to the mutual exclusion of prior settlement discussions or offers of compromise. To the extent that Plaintiffs can demonstrate at trial, an applicable exception to this general rule as described in Rule 408, the motion would be **denied**.

### 10. Bar any Mention or Reference to the 'Golden Rule'

State Auto argues that "Plaintiffs or their counsel should not be permitted to invoke the 'golden rule' or make any similar suggestion that the jurors put themselves in the Plaintiffs' place or 'walk in its shoes.'" (Filing No. 107 at 11.) The Plaintiffs "have no objection to the mutual

15

exclusion of invoking the Golden Rule." (Filing No. 111 at 19.) To that end, the Court **grants** State Auto's Motion *in Limine* number ten.

      11.      **<u>Proffering Questions, Agreements or Stipulations to State Auto</u>**

State Auto argues the Court should "bar the Plaintiffs, Plaintiffs' counsel and Plaintiffs' witnesses from making any statement or argument personalizing any of the issues in this case with regard to counsel for State Auto." (Filing No. 107 at 11.) Specifically, State Auto contends Plaintiffs "should be precluded from making any statements, arguments, or asking questions of State Auto, State Auto's attorney and/or representatives about how they would react or what they would desire if they were in Plaintiffs' position." *Id*. at 11-12. State Auto further contends that "Plaintiffs and Plaintiffs' counsel be barred from offering any agreements to or demanding any stipulations from State Auto or State Auto's counsel in front of the jury." *Id*. at 12. The Plaintiffs argue State Auto's request that the Court bar "any statement or argument personalizing any of the issues" is imprecise and insufficient (Filing No. 111 at 19).

The Court reads Plaintiffs' request in conjunction with the sentence that immediately follows. State Auto specifically requests that Plaintiffs' counsel be precluded from asking State Auto or its representative to place themselves in Plaintiffs' positions and considering that "Plaintiffs do not object to this more specific request," the Court **overrules** Plaintiffs' objection in this regard. *Id*. Plaintiffs do not object "to the mutual exclusion of demanding stipulations in front of the jury but reserve the right to note issues to which stipulations have already been reached between the parties." *Id*. at 19-20. To that end, the Court **grants** State Auto's Motion *in Limine* number eleven.

12. **Plaintiffs' Counsel Vouching for Plaintiffs or any Witnesses**

State Auto moves the Court to preclude Plaintiffs' counsel from making any statements vouching for "Plaintiffs' character or honesty during argument" because "it could be construed as Plaintiffs' counsel essentially offering evidence," and "any comments vouching for Plaintiffs encourages jurors to decide the case based on personal interest rather than the evidence."[4] (Filing No. 107 at 12.) The Plaintiffs do not contest this request in their response (Filing No. 111 at 20). To that end, the Court **grants** State Auto's Motion *in Limine* number twelve.

13. **Evidence or Testimony Regarding this Motion or Rulings by this Court**

State Auto moves the Court to preclude any "[e]vidence or testimony regarding the filing of this Motion, or the rulings by this Court on any matter or subpart thereof." (Filing No. 107 at 13.) The Plaintiffs do not contest this request in their response. (Filing No. 111 at 20.) To that end, the Court **grants** State Auto's Motion *in Limine* number thirteen.

### III.  CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiffs' Omnibus Motion *in Limine* (Filing No. 86) and **DENIES** Plaintiffs' Motion to Supplement Plaintiffs' Omnibus Motion *in Limine* (Filing No. 110). The Court **GRANTS in part and DENIES in part** State Auto's Motion *in Limine* (Filing No. 107). An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

---

[4] Vouching testimony is specifically prohibited because the testimony is considered an "invasion of the province of the jurors in determining what weight they should place upon a witness's testimony." *Kindred v. State*, 973 N.E.2d 1245, 1257 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*.

**SO ORDERED**.

Date: 3/14/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chelsea R. Stanley
STITES & HARBISON, PLLC (Jeffersonville)
cstanley@stites.com

Douglas B. Bates
STITES & HARBISON, PLLC (Jeffersonville)
dbates@stites.com

Robert M. Connolly
STITES & HARBISON PLLC
rconnolly@stites.com

Perry A. Adanick
ROLFES HENRY
padanick@rolfeshenry.com

R. Eric Sanders
ROLFES HENRY CO., LPA
esanders@rolfeshenry.com